

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINCENT FIELDS, JANET MAXEY<br>WANDA BUNTON, HERMAN<br>BROWN, LORI WALKER, AND<br>BRITTANY RODDY | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| DALLAS COUNTY SCHOOLS AND | § | |
| RICK SORRELLS, and LARRY | § | |
| DUNCAN, in their individual and | | |
| official capacities. | | |
| Defendants. | § | |

**U.S. DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
**FILED**
SEP 1 5 2006
CLERK. U.S. DISTRICT COURT
By _____ NB _____
Deputy

**3-06CV1688-L**

## PLAINTIFF, VINCENT FIELDS JANET MAXEY, HERMAN BROWN, WANDA BUNTON LORI WALKER, and BRITTANY RODDY 'S, ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Vincent Fields, Janet Maxey, Herman Brown, Lori Walker, Wanda Bunton and Brittany Roddy, hereinafter called ("Plaintiffs"), complaining of and about Dallas County Schools and Rick Sorrells, hereinafter called ("Defendants"), and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1.      Plaintiff, Vincent Fields, is a citizen of the United States and the State of Texas and resides in Tarrant County, Texas.  Plaintiff, Jan Maxey, is a citizen of the United States and the State of Texas and resides in Kaufman County, Texas. Plaintiff, Herman Brown, is a citizen of the United States and the State of Texas and resides in Dallas County, Texas. Plaintiff, Lori Walker, is a citizen of the United States and the State of Texas and resides in Dallas County, Texas. Plaintiff Brittany Roddy, is a citizen of the United States and the State of Texas and

*Plaintiffs' Original Complaint     Page-*      1

resides in Dallas County, Texas.

2.        Defendant Dallas County Schools ("DCS") is an education agency which services Dallas County's 15 independent school districts. DCS may be served with process  by serving its superintendent Rick Sorrells, at Dallas County Schools Administration Building, located at 612 N. Zang Blvd. Dallas, Texas 75208.

3.Defendant Rick Sorrells is a citizen of the State of Texas, said Defendant may be personally served with process at the following address: Dallas County Schools Administration Building, located at 612 N. Zang Blvd. Dallas, Texas 75208.

4. Defendant Larry Duncan, is a citizen of the State of Texas, said Defendant may be personally served with process at the following address: Dallas County Schools Administration Building, located at 612 N. Zang Blvd. Dallas, Texas 75208.

**JURISDICTION**

5.        The action arises under 42 U.S.C. 2000e, and 42 U.S.C. 1981, as hereinafter more fully appears.

6.        This Court has supplemental jurisdiction over state law claims of defamation and negligence discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

**NATURE OF ACTION**

7.        This is an action under Title 42 U.S.C. Section 2000e et. seq. and 42 U.S.C. Section 1981 as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race.

*Plaintiffs' Original Complaint     Page-*        2

## CONDITIONS PRECEDENT

8.    All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiffs' receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS:

9. Vincent Fields, hereinafter ("Fields"), was employed with DCS as an Area Director of Transportation for six years; during, the relevant time period, Fields was the only African American Area Director employed by DCS. It is the position of Area Director, and the discriminatory practices he was subjected to in this position, that he complains about herein.

10. Jan Maxey, ("Maxey") during the relevant time period was employed as a supervisor with 15 years experience with DCS, it is the position of supervisor, and the discriminatory practices she was subjected to in this position, that she complains of herein.

11. Lori Walker, ("Walker") during the relevant time period was employed as a bus driver for 15 years, it is the position of bus driver, and the discriminatory practices she was subjected to in this position, that she complains of herein.

12. Herman Brown, ("Brown") during the relevant time period was employed as a bus driver, it is the position of bus driver, and the discriminatory practices he was subjected to in this position, that she complains of herein.

13. Wanda Bunton, ("Bunton") during the relevant time period was employed as a bus driver, it is the position of bus driver, and the discriminatory practices she was subjected to in this position, that she complains of herein.

*Plaintiffs' Original Complaint    Page-*        3

14. Brittany Roddy, ("Roddy") during the relevant time period was employed as a bus monitor, it is the position of bus monitor, and the discriminatory practices she was subjected to in this position, that she complains of herein.

15. As Transportation Director, Fields was responsible for overseeing the day to day operations of transportation. For the first Five years of his career, Fields was the Area Director of Lisbon Service Center, which became the Pat Rainey Service Station, ("Pat Rainey"). In this capacity, he was responsible for effectively transporting 10,000 Dallas County School children twice a day.

16. While Area Director for Pat Rainey, Fields implemented sound procedures in conjunction with the policies set forth by DCS. These procedures enabled Fields and his staff to successfully perform their daily job duties.

17. In August of 2005, Fields was informed that he would be transferred from the Pat Rainey Service Center to the Kleberg Service Center. This transfer came as a surprise to Fields, in that the decision to transfer him, was made just two weeks prior to the start of the 2005 school year. With this transfer, there was an incredible amount of work to be done, in terms of setting up new programs, hiring, training, as well as transition that needed to take place before the start of the school year. Fields, contends that this transfer, and its huge undertaking, were a structured design for him to fail.

18. During this same time, Fields learned that the Kleberg Service Center would also be responsible for the transition of the Wilmer Hutchins School District. The addition of the Wilmer Hutchins District, required major changes in route structure and route design.

19. Before the transfer, Fields was informed that he could select a supervisor to transfer with him, Fields chose supervisor Jan Maxey, with fifteen years experience with DCS. Herman

*Plaintiffs' Original Complaint    Page-*    **4**

Brown, Lori Walker Wanda Bunton all elected to transfer as experienced bus drivers from Pat Rainey.

20. Although the new management team was given just two weeks to integrate with the Kleberg Service Center, the start of the school year was a success, such a success that Fields and his staff were publicly recognized by DCS in November of 2005.

21.   When Fields transferred to the Kleberg Service Station, he maintained the same successful procedures he implemented at the Pat Rainey Service Station.   These procedures included a driver log to monitor driver attendance. In addition, DCS implemented "drive time" in 2005, drive time was used for recording and calculating the work time of the bus drivers. Surprisingly, drive time rarely worked; therefore, the dispatchers would have to manually input drivers' work time.  It is important to note, that dispatchers not managers were responsible for the input of driver work time.

22. Also, to keep up with drivers and their whereabouts, DCS added a GPS system to record the location of its drivers; unfortunately the GPS system was not implemented at all the service stations, including the Kleberg Service Station. The whole purpose of the GPS system,  is route management; route management is important, considering there is no way for supervisors to know exactly what each driver is doing during the day.

23. When Fields transferred to the  Kleberg Service Station, he  essentially  inherited the staff of the Kleberg Service station, other than those who elected to transfer with him.  These transfers from Pat Rainey created enormous animosities. The  Kleberg bus drivers in place before the transfer, resented the transfer of the new bus drivers; likewise some of the employees resented the transferring of Fields as Area Director, and Maxey as supervisor.

24. Early in the school years, Fields and Maxey complained about the inadequacy, and inefficiency of certain staff members. Nevertheless, they were forbidden from counseling or terminating certain employees. When they questioned their inability to effectively manage these problem employees, they were told just to "document their file," nothing more.

25. Certain employees began to boast that they were "moles" of Rick Sorrells, and assigned the task to "set up" Fields and Maxey. There was further boasting by some employees that they were "untouchable" in terms of being disciplined.

26. During this same time, neither Fields nor Maxey ever received any negative feedback regarding their work performance from their manager Terry Penn. Likewise, they were never written up, counseled or disciplined in any manner. The only feedback they received was the favorable accolade regarding the successful start of the 2005-2006 school year.

27. In January of 2006, Fields and his staff was informed that there was a departmental audit, to which they needed to fully comply. All information within Mr. Fields' possession requested by the audit committee, was turned over.

28. In February of 2006, without prior warning, write -up or discipline, Fields and Maxey were informed that they were placed on administrative leave, pending investigation; they were never given a reason why they were placed on leave, except for DCS did not want them to "fix things" during the audit.

29. When Fields and Maxey were on leave, some of the driving staff, and monitors were required to take polygraph examinations, specifically, Herman Brown, Lori Walker Wanda Bunton, and Brittany Roddy. During the drivers' polygraph examinations, they were told, "all we want is Fields and Maxey." When Brown, Walker, Bunton, and Roddy refused to make up false information about Fields and Maxey, they were all accused of an elaborate "kickback

*Plaintiffs' Original Complaint    Page-*        6

scheme." It was DCS' contention that Brown, Walker, Bunton, and  Roddy were given additional hours by Fields and Maxey and in exchange, they paid Fields and Maxey. When the drivers denied these allegations during their polygraph exam, they were accused of lying, deception, then placed on administrative leave without pay. Ironically, only the drivers that transferred from the Pat Rainey service center were placed on administrative leave.

30. After the drivers were harassed and badgered during the polygraph examinations, Fields and Maxey again requested through the appeal process what specifically were they accused of; they were never told. They however were terminated, without explanation.

31. After Brown, Walker, Bunton, and  Roddy refused to make up false statements about Fields & Maxey, and regarding this alleged "kickback scheme" they too were terminated. Ironically, other drivers who were alleged to have been deceptive during their polygraph were not terminated. Brown, Walker, Bunton, and  Roddy were treated differently than their counterparts based on their race, and retaliated against for opposing unlawful employment practices.

32. It was later found that the same employees who Fields and Maxey had repeatedly complained about, and whom they were  prevented from counseling, were the individuals relied on by DCS to gather false information about the named Plaintiffs. These employees were considered "whistle-blowers" by DCS. The Plaintiffs contend that DCS and its respective agents knew this information to be false, and relied on it to their detriment.

33. DCS was fully aware that Fields and his staff, maintained the same policies and practices they did prior to coming to the Kleberg service Station. There was never a problem, prior to his transfer to Kleberg.  When other service centers came under scrutiny, with White Area Directors, the Directors were  not terminated, or defamed, they were simply transferred to

*Plaintiffs' Original Complaint    Page-*        7

other service centers.

34. A few weeks prior to Fields transfer, he made a finding that a management employee had inappropriately harassed a female employee. Fields, was told by DCS to change the tenure of his findings. Essentially, it was suggested to Fields to be less than forthright regarding his findings of the harassment complaint. Nevertheless, Fields continued to speak up for this employee. From that time, until the date of his termination, Fields any supporters of him, were retaliated against. These individuals included Jan Maxey, Herman Brown, Lori Walker, Wanda Bunton, Brittany Roddy.

35. Moreover, after the Plaintiffs' termination, DCS gave a press conference alleging mismanagement of funds by all the Plaintiffs. In conjunction with this, in March of 2006, DCS provided a statement to Dallas Morning news that all the named Plaintiffs were terminated for "misconduct and mismanagement of DCS' employees and resources. These statements were false, and made with the intention of injuring the Plaintiffs' personal and professional reputation.

36. The Plaintiffs have suffered damages for which the Plaintiffs herein sue.


## RACE DISCRIMINATION BY DALLAS COUNTY SCHOOLS

37.      Defendant, Dallas County Schools, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiffs because of their race.

38.      The unlawful employment practices of Defendants, Dallas County Schools, by and through Defendant's agents, specifically Plaintiffs termination, and the manner in which they were treated, had a disparate and adverse impact on the Plaintiffs because of their race. Such employment practices were not job-related and were not consistent with business necessity.

*Plaintiffs' Original Complaint    Page-*        **8**

39.     Defendant, Dallas County Schools, by and through Defendant's agents, also violated Plaintiffs' rights under 42 U.S.C. Section 1981.

40.     Defendant, Dallas County Schools, by and through Defendant's agents, discriminated against Plaintiffs in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiffs in a manner that would deprive or tend to deprive them of any employment opportunity or adversely affect their status because of Plaintiffs' race in violation of 42 U.S.C. Section 2000e (2)(a) and 42 U.S.C. Section 1981.

41.     Defendant, Dallas County Schools, by and through Defendant's agents, classified Plaintiffs in a manner that deprived him of an equal employment opportunity that was provided to employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a) and 42 U.S.C. Section 1981.

42.     Plaintiffs allege that Defendant, Dallas County Schools, by and through Defendant's agents, discriminated against Plaintiff on the basis of race with malice or with reckless indifference to the state-protected rights of Plaintiffs.


## RESPONDEAT SUPERIOR AND RATIFICATION

43.     Whenever in this complaint it is alleged that the Defendant, Dallas County Schools, did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## LIBEL BY RICK SORRELLS AND LARRY DUNCAN

44.     Defendant Dallas County Schools with actual malice published false statements referring to Plaintiffs, which injured Plaintiffs' personal and business reputation, injured Plaintiffs' business reputation and imputed a crime against Plaintiffs in that they were involved in a "kick back" scheme and mismanagement of DCS' resources.  Plaintiffs suffered damages for which Plaintiffs herein sues.

## RETALIATION BY DALLAS COUNTY SCHOOLS

45.     Plaintiffs allege that Defendant Dallas County Schools instituted a campaign of retaliation which included, administrative leave, then termination their termination of employment.  This retaliation was and is due to Plaintiffs exercising their rights by opposing a discriminatory practices and testifying, assisting, or participating in an investigation or proceeding regarding unlawful discriminatory practices.  Plaintiffs suffered damages for which Plaintiffs herein sue.

## SLANDER BY RICK SORRELLS AND LARRY DUNCAN

46.     Defendant s Rick Sorrells and Larry Duncan  orally made a false statements referring to Plaintiffs which injured Plaintiffs' business reputation and imputed a crime against Plaintiffs.  This was done with actual malice, and reckless indifference to the Plaintiffs.  Plaintiffs suffered damages for which Plaintiffs herein sue.

## DAMAGES

47.    Plaintiffs sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

        a.      All damages to which Plaintiffs may be entitled;

        b.      All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiffs;

        c.      Back pay from the date that Plaintiffs was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiffs as the Court deems equitable and just;

        d.      All reasonable and necessary costs incurred in pursuit of this suit;

        e.      Emotional pain;

        f.      Expert fees as the Court deems appropriate;

        g.      Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

        h.      Inconvenience;

        I.      Prejudgment interest;

        j.      Loss of enjoyment of life;

        k.      Mental anguish in the past;

        l.      Mental anguish in the future;

        m.      Loss of earnings in the past;

        n.      Loss of earning capacity which will, in all probability, be incurred in the future; and

        o.      Loss of benefits.

Respectfully submitted,

By: _____

Mellannise Henderson-Love
Texas Bar No. 00796741
700 N. Pearl Street, Suite 2170
Dallas, Texas 75201
Tel. (214)638-8777
Fax. (214)220-8777
Attorney for Plaintiffs


**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY**

**JS 44** (Rev. 11/04)   **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Vincent Fields, Janet Maxey, Herman Brown, Lori Walker Wanda Bunton, and Brittany Roddy

**DEFENDANTS**
Dallas County Schools and Rick Sorrells, and Larry Duncan

**(b)** County of Residence of First Listed Plaintiff  Tarrant
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Dallas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED   SEP 15 2006   CLERK U.S. DISTRICT COURT   NORTHERN DISTRICT OF TEXAS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)   3-06cv1688-L

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability  ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander  ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine  PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability  ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 371 Truth in Lending | ☐ 690 Other | SOCIAL SECURITY | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability  ☐ 380 Other Personal Property Damage | LABOR | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury  ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment  Habeas Corpus: | ☐ 791 Empl. Ret. Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare  ☐ 535 Death Penalty |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment  ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other  ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights  ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
Brief description of cause: Race Discrimination, Retaliation, and Defamation.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____