IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINCENT FIELDS, et. al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. |
| V. | § | |
| | § | 3:06-CV-1688-K |
| DALLAS COUNTY SCHOOLS, et. al. | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Dallas County Schools, Rick Sorrells, and Larry Duncan's (collectively "Defendants") Motion for Partial Dismissal (Document No. 6). Also before the Court is Plaintiffs Vincent Fields, Janet Maxey, Wanda Bunton, Herman Brown, Lori Walker, and Brittany Roddy's (collectively "Plaintiffs") Motion for Leave to Amend Complaint (Document No. 15).

The Court **GRANTS** Defendants motion for partial dismissal. Plaintiffs' state law claims for libel, retaliation, negligence, and slander, if any, against Dallas County Schools ("DCS") are **DISMISSED** with prejudice because DCS is entitled to governmental immunity under the Texas Tort Claims Act. Similarly, Rick Sorrells and Larry Duncan are entitled to derivative immunity from Plaintiffs' state law tort claims; accordingly, Plaintiffs' state law cause of action of slander against Sorrells and Duncan is hereby **DISMISSED**.

The Court partially **GRANTS** Plaintiffs' Motion for Leave to Amend in that

Plaintiffs may replace their 42 U.S.C. § 1981 ("§ 1981") claim with a 42 U.S.C. § 1983 ("§ 1983") claim against DCS.  Plaintiffs' motion to amend is **DENIED** insofar as Plaintiffs seek to add new state law tort claims or modify existing state law tort claims against Defendants because they are immune from such claims.

I.   **Factual and Procedural Background**

DCS is a governmental agency which provides services including transportation services to fifteen independent school districts.  Plaintiffs were employed by DCS as bus drivers to provide transportation services to school children.  They were subsequently terminated from their positions.  Defendants contend that DCS fired Plaintiffs because they were engaged in a "kickback scheme" whereby bus drivers were credited for excess work hours by their supervisors in exchange for a percentage of the increased pay. Plaintiffs, however, maintain they were fired as the result of racial discrimination.  On September 15, 2006, Plaintiffs filed their Original Complaint against Defendants DCS, Rick Sorrells ("Sorrells"), DCS's superintendent, and Larry Duncan ("Duncan") alleging they were terminated based on their race in violation of § 1981 and § 2000e (2)(a).  In addition, Plaintiffs allege state law causes of action of libel, retaliation, negligence and slander.

On November 29, 2006, Defendants filed this motion to dismiss.  Plaintiffs filed their Response in opposition to that motion on December 21, 2006.  Two days later, on December 23, 2006, Plaintiffs filed this Motion for Leave to Amend Complaint before

Defendants' motion to dismiss was ripe. Defendants' filed their Reply in support of their motion to dismiss and their Response in opposition to Plaintiff's motion for leave to amend on December 26, 2006. Plaintiffs did not file a Reply in support of their motion for leave to amend.

II.     Analysis

    A.     Defendants' Motion to Dismiss

        1.     **DCS is entitled to governmental immunity from Plaintiffs' State Law Causes of Action**

In Texas, governmental entities, including school districts, are entitled to governmental immunity from state law tort causes of action unless that immunity is waived by the Texas Tort Claims Act (the "TTCA"). *Brown v. City of Houston,* 8 S.W.3d 331, 333-34 (Tex. App.–Waco 1999, pet. denied)(holding that the State and its political subdivisions are fully immune from tort claims unless the TTCA provides otherwise); *LeLaux v. Hamshire-Fannett Indep. Sch. Dist.,* 835 S.W.2d 49, 51 (Tex. 1992); Tex. Civ. Prac. & Rem. Code §§ 101.001(3)(b) and 101.051. The TTCA statutorily waives governmental immunity in certain situations. *Dallas County Mental Health and Mental Retardation v. Bossley,* 968 S.W.2d 339, 341 (Tex. 1998); Tex. Civ. Prac. & Rem. Code § 101.001. School districts, such as DCS, are not liable under the Act to the same extent as other local government entities. *See Herring v. Dallas County Schools,* 2000 WL 370623 *2 n.2 (N.D. Tex. April 11, 2000)(treating Dallas County Schools as school districts under governmental immunity analysis). In fact, the TTCA waives a school

district's governmental immunity only in causes of action arising from the use of motor vehicles. *Williams v. Conroe Indep. Sch. Dist.,* 809 S.W.2d 954, 957 (Tex. App.–Beaumont 1991)("The waiver of governmental immunity provided for in the Texas Tort Claims Act is in the case of school districts restricted to causes of action arising from the use of motor vehicles."); *Heyer v. North East Indep. Sch. Dist.,* 730 S.W.2d 130, 131 (Tex. App.–San Antonio 1987)("[S]chool and junior college districts are excluded from liability under the Texas Tort Claims Act except as to the operation of motor vehicles."). Specifically, § 101.051 of the Texas Civil Practice & Remedies Code (the "TCPRC") provides,

> Except as to motor vehicles, this chapter does not apply to school districts or to a junior college district

Similarly, governmental immunity is not waived for intentional torts under the Act. Tex. Civ. Prac. & Rem. Code § 101.057(2).

In their Original Complaint, Plaintiffs have alleged state law tort causes of actions against Defendants including (1) libel, (2) retaliation, (3) slander and (4) negligence. Plaintiffs libel claim is clearly brought against DCS.  Two tort claims in the complaint are unclear: (1) the complaint is not clear whether the retaliation claim is brought pursuant to statute or whether it is a tort claim and (2) Plaintiffs mention negligence in their jurisdictional statement only–it is not listed as a separate cause of action in Plaintiffs' Original Complaint.  Plaintiffs brought their last claim of slander against Sorrells and Duncan.  Because none of Plaintiffs' state law tort claims arise from the

operation or use of a motor vehicle, the TTCA does not waive DCS's government immunity. DCS is, therefore, immune from all Plaintiffs' state law tort claims.

In their Response, Plaintiffs contend that "immunity has been waived because the personal injuries associated with their state law claims, were directly related to operation or use of a motor-driven vehicle or motor-driven equipment; in this case the motor vehicle was the school bus driven or controlled by the Plaintiffs." The Court rejects Plaintiffs' argument because Plaintiffs causes of action do not arise from the use of a motor vehicle. Instead, Plaintiffs causes of action arise from alleged racial discrimination, retaliation and defamation surrounding their termination of employment from DCS. As stated above, the TTCA is only a limited waiver of governmental immunity, and the only waiver of immunity applicable to school districts, like DCS, is the motor vehicle exception. *See* Tex. Civ. Prac. & Rem. Code § 101.051. The motor vehicle exception provides, in pertinent part,

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury and death proximately caused by wrongful acts or omissions or the negligence of an employee acting within the scope of employment if:
>
>> (A) the property damage, personal injury or death arises from the operation or use of a motor driven vehicle or motor driven equipment

Tex. Civ. Prac. & Rem. Code § 101.021(1). Plaintiffs alleged injuries do not arise out of the operation or use of a motor vehicle. *LeLaux,* 835 S.W.2d at 51(no waiver of immunity where plaintiff sued after hitting her head on a bus entrance); *Heyer,* 730

S.W.2d at 131(no waiver of immunity when child was injured waiting for school bus). Therefore, DCS is entitled to immunity; accordingly, Plaintiffs' state law tort claims of libel, retaliation, negligence, and slander, if any, against DCS are hereby dismissed with prejudice.

### 2. Defendants Sorrells and Duncan are Entitled to Derivative Immunity from Plaintiffs' State Law Claims

Plaintiffs assert a cause of action for slander against Sorrells and Duncan for allegedly making false oral statements about Plaintiffs. Under the TTCA, Sorrells and Duncan are entitled to derivative immunity from all Plaintiffs' state law claims because Plaintiffs have asserted tort claims against DCS on the same subject matter as the claims made against them. Tex. Civ. Prac. & Rem. Code § 101.106. Specifically, § 101.106(a) states that the filing of a suit under the TTCA against a governmental unit, like DCS, constitutes an irrevocable election by Plaintiffs and immediately and forever bars any suit or recovery by Plaintiffs against any individual employee of the governmental unit regarding the same subject matter. *Id.*

When a suit involving the same subject matter is filed against both a government entity and any of its employees, "the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(e). "Involving the same subject matter" is defined as "arising out of the same actions, transactions, or occurrences." *White v. Annis,* 864 S.W.2d 127, 131 (Tex. App.–Dallas 1993, writ denied); *Welch v. Milton,* 185 S.W.3d 586, 594 (Tex.

App.–Dallas 2006). The focus of the Court's inquiry is "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations..." *McGowen v. Huang,* 120 S.W.3d 452, 459-60 (Tex. App.–Texarkana 2003, pet. denied)(citing *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 631 (Tex. 1992)). Plaintiffs' slander claim against Sorrells and Duncan relate to alleged statements made in connection with the investigation and termination of Plaintiffs. The facts surrounding the claim against Sorrells and Duncan, therefore, are related and involve the same subject matter. *See Midland Indep. Sch. Dist. v. Watley,* 2006 WL 1451565, at *6 (Tex. App.–Eastland May 25, 2006)(school district's superintendent was entitled to derivative immunity under the TTCA from former employee's claim of intentional misrepresentation even though former employee never asserted a claim for intentional misrepresentation against the school district because the claims arose out of the same subject matter).

Plaintiffs argue that Sorrells and Duncan should not be dismissed because they "cannot fully ascertain if the defamatory remarks were outside the scope of the Defendants' authority, and if the remarks were arising out of the same actions, transactions, or occurrences." As set forth above, Sorrells and Duncan's alleged slanderous remarks "arise out of the same actions, transactions or occurrences" because those remarks relate to the circumstances surrounding the Plaintiffs' allegedly racial discriminatory termination. Further, in this motion to dismiss, Defendants do not argue

that Sorrells and Duncan are entitled to official immunity; rather, they contend Sorrells and Duncan are entitled to derivative immunity under § 101.106 of the TCPRC. Therefore, Plaintiffs argument regarding the scope of authority is not relevant because it relates to official immunity.

Sorrells and Duncan are entitled to derivative immunity with respect to Plaintiffs' state law tort claims because Plaintiffs have asserted tort claims against DCS on the same subject matter as the claim made against them. Accordingly, Plaintiffs state law slander cause of action against Sorrells and Duncan is dismissed with prejudice. Sorrells and Duncan are hereby dismissed from this action.

B.   **Plaintiffs' Motion for Leave to Amend Original Complaint**

1.   **Plaintiffs Amend to Bring a § 1983 Claim**

Defendants do not oppose Plaintiffs replacing their § 1981 cause of action with a § 1983 cause of action. Accordingly, the Court partially **GRANTS** Plaintiffs' motion for leave to amend in that Plaintiffs may replace their § 1981 cause of action with a § 1983 claim against DCS.

2.   **Plaintiffs' Retaliation Claim**

In this Motion for Leave to Amend Complaint, Plaintiffs assert their retaliation claim is brought "pursuant to statute and not pursuant to the Texas Torts Claims Act." Plaintiffs, however, make no reference to a statute in their proposed First Amended Complaint; therefore, the Court **DENIES** Plaintiffs motion to amend to add a retaliation

claim "pursuant to statute." Plaintiffs may seek leave of this Court to amend their complaint within twenty (20) days from the date this Order is filed to add a claim of retaliation against DCS so long as Plaintiffs specify the statute under which the retaliation claim is being brought.

### 3. Plaintiffs' Motion to Amend to Add a Negligence Claim Against DCS is Futile

The Court **DENIES** Plaintiffs motion to amend their Original Complaint to add a negligence claim. Plaintiffs may not amend their complaint to add a state law cause of action of negligence against DCS because as set forth above, DCS is entitled to governmental immunity from all Plaintiffs' state law tort claims. Amending Plaintiffs' complaint to add a negligence cause of action would be futile.

### 4. Plaintiffs' Proposed Amended Complaint is Futile to the Extent It Continues to Allege Claims Against Sorrells

As aforementioned, Sorrells and Duncan are entitled to derivative immunity from all Plaintiffs' state law tort claims. Plaintiffs seek to amend their defamation claims of libel and slander claim to list Sorrells and Duncan instead of DCS. By filing suit against DCS alleging tort claims, Plaintiffs irrevocably elected to bring the claim against the governmental entity which forever bars any suit or recovery by Plaintiffs against any individual employees, such as Sorrells or Duncan. Tex. Civ. Prac. & Rem. Code § 101.106(a). Plaintiffs cannot escape their irrevocable election by now claiming that they only intended to bring their libel and slander claims against Sorrells and Duncan, not

DCS. Plaintiffs attempt to evade the application of § 101.106 is unavailing. *See Davray, Inc. v. City of Midlothian,* 2005 WL 1586574, at *17 n. 12 (N.D. Tex. July 6, 2005); *Flores v. Sanchez* 2005 WL 1404163, at *3 (W.D. Tex. June 14, 2005). Accordingly, as set forth above, Sorrells and Duncan are dismissed from this case.

### III. Conclusion

The Court **GRANTS** Defendants motion for partial dismissal. Plaintiffs' State law claims for libel, retaliation, negligence, and slander, if any, against DCS are **DISMISSED** with prejudice because DCS is entitled to governmental immunity. Likewise, Sorrells and Duncan are entitled to derivative immunity from Plaintiffs' state law tort claims; accordingly, Plaintiffs' state law cause of action of slander against Sorrells and Duncan is hereby **DISMISSED** with prejudice.

The Court partially **GRANTS** Plaintiffs' Motion for Leave to Amend in that Plaintiffs may replace their § 1981 claim with a § 1983 claim against DCS. Plaintiffs' motion to amend is **DENIED** insofar as Plaintiffs seek to add new state law tort claims or modify existing state law tort claims against Defendants because they are immune from such claims.

Plaintiffs only remaining claims in this suit are (1) a § 1983 claim against DCS and (2) a § 2000e claim against DCS. The only remaining defendant is DCS. Plaintiffs shall file their first amended complaint to comport with this Order within **three (3) days** from the date this Order is filed. Plaintiffs may seek leave of this Court within

twenty (20) days from the date this Order is filed to add a claim of retaliation against DCS so long as Plaintiffs specify the statute under which the retaliation claim is being brought.

**SO ORDERED.**

Signed March 15th, 2007.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE